Honorable Brian A. Tsuchida

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>Victor Kyle Hernandez,<br><br>Defendant. | CASE NO.  MJ19-446<br><br>COMPLAINT for VIOLATION<br>18 U.S.C. §§ 1153(a) and 113(a)(3) |

BEFORE the Honorable Brian A. Tsuchida, United States Chief Magistrate Judge, Seattle, Washington,

The undersigned complainant being duly sworn states:

### COUNT 1
### (Assault with a Dangerous Weapon)

On or about September 20, 2019, within the exterior boundaries of the Upper Skagit Indian Reservation, Indian Country as defined by Title 18, United States Code, Section 1151, and within the Western District of Washington, VICTOR KYLE HERNANDEZ, an Indian, did intentionally assault another person, John Doe, with a dangerous weapon, that is, a glass candle holder, with intent to do bodily harm.

All in violation of Title 18, United States Code, Sections 1153(a) and 113(a)(3).

///

The undersigned complainant being duly sworn further states:

## COMPLAINANT'S BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) assigned to the Bellingham, Washington Resident Agency, of the Seattle, Washington Field Office. I have been an FBI Special Agent for approximately five years. Prior to that, I was a military intelligence officer for approximately five years. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7). My duties as a Special Agent include the full-time investigation of a wide range of federal criminal offenses, including violations of the Controlled Substances Act. My responsibilities include overseeing the Northwestern Safe Trails Task Force, which focuses on the investigation of violent crime, narcotics trafficking, and other federal offenses in Northwest Washington's Indian Country. I have received specialized training in the enforcement and investigation of the Controlled Substance Act. I have received classroom training including but not limited to, drug identification, drug interdiction, detection, and the investigation of individuals and/or organizations involved in the illegal possession, possession for sale, sales, importation, smuggling, cultivation, manufacturing and trafficking of controlled substances.

2. Over the last ten years of law enforcement employment, I have received training from the FBI and the U.S. military specific to the identification and investigation of drug related crimes. In my role as a Special Agent for FBI, I have participated in narcotics investigations involving heroin, fentanyl, cocaine, marijuana, and methamphetamine which have resulted in the arrest of individuals, the seizure of narcotics and/or narcotic-related evidence, and the forfeiture of narcotics related assets. I have been involved in the service of search warrants as part of these investigations. As a result of my training and experience, I am familiar with the various tools, methods, trends, paraphernalia and related articles used by various traffickers in their efforts to conceal and distribute controlled substances. I am also familiar with the manner in which drug traffickers use telephones, often cellular telephones, to conduct their unlawful operations.

3. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of cooperating witnesses, review of documents and records related to this investigation, communication with others who have personal knowledge of events and circumstances described herein, and information gained through my training and experience. Because this affidavit is made for the limited purpose of establishing probable cause for an arrest warrant, it does not set forth each and every fact that I have learned during the course of this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that VICTOR KYLE HERNANDEZ has committed the aforementioned crimes.

4. This complaint and affidavit are being presented electronically pursuant to Federal Criminal Procedure Rule 4.1.

## SUMMARY OF PROBABLE CAUSE

5. On September 20, 2019, I received a phone call at approximately 2:38 P.M. from John Doe. John Doe advised that he had just assaulted by VICTOR KYLE HERNANDEZ. John Doe stated he recognized HERNANDEZ. John Doe advised that he and HERNANDEZ are cousins and have known each other for most of their life. John Doe stated he was asleep in his bed at his own residence when HERNANDEZ assaulted him. John Doe further stated that he had a laceration on his head from the assault.

6. Later that same date, I reviewed Upper Skagit security camera footage at the Upper Skagit Police Department. The camera system consists of cameras that cover the Upper Skagit Reservation. I reviewed one camera that observed John Doe's residence. During my review of the camera footage, I observed a male exit a Kia Sorrento, bearing Washington State license plate number BNB 8391 (hereinafter "the Vehicle") and enter John Doe's residence at approximately 2:22 pm. Approximately five minutes later, I observed that same male running out of John Doe's residence and depart in the Vehicle at a high rate of speed.

7.     Based on a Washington State Department of Licensing check of the Vehicle, I determined that the Vehicle was registered to LAUREN DAVIS at 9101 Rainbow Lane Apartment B, Sedro Woolley, Washington. Based on later contact with DAVIS on September 20-21, agents learned from DAVIS that she is the girlfriend of HERNANDEZ.

8.     On that same date, I interviewed John Doe at the Upper Skagit Police Department. I observed a large laceration on the left side of John Doe's head with dried blood all around it. I also observed that John Doe had a bruised lower right lip. John Doe advised that earlier that day, he was asleep with his girlfriend in his bedroom when he was awoken by HERNANDEZ standing on top of him. John Doe stated HERNANDEZ repeatedly hit him in the head with a glass candle holder. John Doe attempted to fight off HERNANDEZ with his feet, but was initially unsuccessful, and HERNANDEZ continued to hit him. While HERNANEDEZ was hitting John Doe in the head, John Doe heard HERNANDEZ yell, "fuck you, this is for Linnette." Finally, using his feet, John Doe was able to get HERNANDEZ off of him. HERNANDEZ departed the residence and left in the Vehicle.

 

9.     On the same date, I interviewed John Doe's girlfriend (hereinafter, "T.W."). T.W. advised that she was asleep earlier that same day in her bed with John Doe. T.W.

COMPLAINT/HERNANDEZ – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5200
SEATTLE, WASHINGTON 98101
(206) 553-7970

awoke to a male standing in the doorway of the bedroom wearing a hood over his head. Because of the hood, T.W. did not initially recognize the male. T.W. reported that the male climbed over her onto the bed and struck John Doe in the face multiple times. T.W. also recalled seeing the male throw a glass candle holder at some point during the altercation. When the male fled, T.W. reported that she followed him outside. T.W. saw the male enter the Vehicle. T.W. stated that she recognized the vehicle to be one driven by HERNANDEZ. T.W. advised that she and HERNANDEZ are cousins, and she has known him for a very long time. T.W. heard a female seated in the passenger seat of the Vehicle refer to the male as "Victor Kyle."

10. Later that same day, Upper Skagit Police Officer Kelly Howell escorted John Doe to the hospital for medical attention related to his injuries. The medical provider treated the laceration with butterfly Band-Aids. The medical provider advised that if John Doe would have come to the hospital a few hours earlier, they would have used stitches to treat the wound.



11. Later that same day, agents conducted surveillance at the address to which the Vehicle is registered: 9101 Rainbow Lane, Apartment B, Sedro-Woolley, Washington. Agents. During the surveillance, agents observed the Vehicle parked in the driveway.

1    12.    At approximately 11:00 pm on that same date, FBI Agents and officers from the Sedro-Woolley Police Department knocked on the front door of 9101 Rainbow Lane Apartment B, Sedro-Woolley, Washington in an attempt to locate HERNANDEZ. HERNANDEZ and DAVIS communicated with the officers through the front window of the house, but HERNANDEZ refused to come outside. DAVIS stated that the apartment was leased to herself and HERNANDEZ. Agents recognized HERNANDEZ from a prior booking photo. Agents surrounded the residence and continued to negotiate with HERNANDEZ for three hours. HERNANDEZ proceeded to move furniture in front of the doors of the residence in order to prevent law enforcement from entering.

13.    At this time, agents have surrounded the residence, and are still awaiting HERNANDEZ's cooperation.

//
//
//

## CONCLUSION

14. Based on the foregoing, I believe there is probable cause that VICTOR KYLE HERNANDEZ, an Indian, committed the offense set forth herein, on tribal trust lands within the Upper Skagit Indian Reservation, in violation of Title 18, United States Code, Sections 1153(a) and 113(a)(3).

_____
JACK F. KANE, Complainant
Special Agent, FBI

Based on the Complaint and Affidavit sworn to before me, and submitted electronically, the Court hereby finds that there is probable cause to believe the defendant committed the offenses set forth in the Complaint.

DATED this 21st day of September, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge